## Kentucky Glycerine Company v. Clouse, Administratrix, etc.

(Decided March 19, 1920.)

### Appeal from Wayne Circuit Court.

Master and Servant—Action by Widow Against Husband's Employers—Settlement.—In a suit by a widow against her husband's former employer the course of dealing between the employer and employee, and the form of voucher used in monthly settlements between them was such as precludes the recovery by the widow of certain alleged claims for expenses, etc., excepting only one item which the employer had agreed to pay upon presentation of a proper receipt.

J. P. HARRISON for appellant.

CRESS & CRESS for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Sustaining motion for appeal, granting appeal and reversing judgment.

James Clouse was employed by appellant, as a shooter of oil wells and lost his life November 1, 1916, while so employed. During the period of his employment from 1910 to 1916 his compensation varied. In 1916 he received $10.00 for each well he shot, his expenses, and five dollars per day for each day going to and returning from the work assigned him. Decedent furnished his own teams. Monthly settlements were made by vouchers embracing the work done the preceding month, including the extra or road time as it is called, and the expenses incurred by decedent. The vouchers contained this clause:

"If correct please receipt and return voucher immediately, detaching no papers. In case of error return the papers with an explanatory letter, making no alteration on voucher."

After his death the company made a settlement with decedent's widow for the amounts claimed to be due, and in addition voluntarily paid certain expenses incident to his funeral. Thereafter this suit was instituted by the widow, as administratrix, seeking to recover from the company various items of expense, salary, road time, etc.

On the company's motion the case was transferred to equity and referred to the master, who filed his report finding for plaintiff in the sum of $463.00. This was reduced to $403.00 by the circuit court and judgment entered accordingly, to reverse which the company has made a motion for an appeal. The amount allowed is made up of six items, to-wit:

$33.00 for auto hire and expenses trip to Irvine.

$25.00 for shooting well at Oneida, Tenn.

$25.00 for trip to Irvine.

$15.00 for 3 days on road to shoot well at Dry Ridge.

$5.00 for auto for trip to factory.

$300.00 for rent of barn at $5.00 per month.

In a letter written decedent by the company it agreed to pay the first item as soon as it was furnished a receipt from the owner of the automobile in which the trip was made, showing the sum claimed had been charged and paid. It was contended by the company that the receipt was furnished and the amount included in the August, 1916, settlement. However, the company on October 4, 1916, was still disputing the account, a position rather inconsistent with its theory of payment. It would hardly be contesting an item which had been paid, and one it had promised to pay after the production of a receipt it had called for. We think the proof sufficient to support the findings of the master and the judgment of the court in the allowance of this sum.

The proof is not sufficient to sustain the judgment as to the other items which go to make up the total allowance. The chief of these is $300.00 for the rent of decedent's barn for the storage of certain supplies and materials. It appears the company had been paying a man named Barnes $5.00 a month for a part of his stable for storage purposes, but the record fails to show any agreement between decedent and the company by which the latter agreed to pay Clouse any rental after the supplies had been removed from the Barnes place to the home of decedent. There is no reference to rent in the corre-

spondence between decedent and the company; it was never mentioned in any of the monthly settlements. The course of dealing between the parties and the form of voucher used negatives the idea of an understanding or agreement to pay rent. If the company at any time had obligated itself to compensate decedent, it is highly improbable he would have kept material and supplies of the company in his barn for a period of something over five years and never said anything about it. The plaintiff's main contention in this respect is that inasmuch as Barnes had been paid a rental and the company paid the widow a similar amount after her husband's death until the property was removed, there was an implied contract to pay her husband, but the record does not support this theory. On the contrary it is testified the transfer from the Barnes place to decedent's home was without the company's knowledge and that it protested against the change when it discovered it had been made. There is a like failure of proof as to the other items, the allowance of none of which was proper.

Wherefore the motion for appeal is sustained, the appeal granted, and judgment reversed with instructions to enter a judgment in plaintiff's favor for the sum of $33.00.